IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTSUKA AMERICA PHARMACEUTICAL, INC. and AVANIR PHARMACEUTICALS, LLC f/k/a AVANIR PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HETERO LABS LIMITED, HETERO LABS LTD. UNIT-III, and CAMBER PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 1:25-cv-00647-UNA |

## COMPLAINT

Plaintiffs Otsuka America Pharmaceutical, Inc. ("Otsuka America") and Avanir Pharmaceuticals, LLC f/k/a Avanir Pharmaceuticals, Inc. ("Avanir") (together with Otsuka America, "Otsuka"), by its undersigned attorneys, for its Complaint against Defendants Hetero Labs Limited ("Hetero Labs"), Hetero Labs Ltd. Unit-III ("Hetero Unit-III"), and Camber Pharmaceuticals, Inc. ("Camber") (collectively, "Hetero" or "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, arising from Defendants' submission of Abbreviated New Drug Application ("ANDA") No. 218426 ("Defendants' ANDA") to the United States Food and Drug Administration ("FDA") to market and sell capsules containing 20 mg dextromethorphan hydrobromide and 10 mg quinidine sulfate ("Defendants' ANDA Product") prior to the expiration of U.S. Patent No. 7,659,282 ("the '282 Patent").

2. Otsuka owns the '282 Patent and is the holder of FDA approved New Drug Application ("NDA") No. 21879 for the brand name drug NUEDEXTA® (dextromethorphan

hydrobromide/quinidine sulfate). The '282 Patent generally covers methods for treating pseudobulbar affect or emotional lability by administering dextromethorphan in combination with quinidine. Defendants' ANDA Product is a generic version of NUEDEXTA®.

## THE PARTIES

3. Plaintiff Otsuka America is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 508 Carnegie Center Drive, Princeton, NJ 08540.

4. Plaintiff Avanir is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 508 Carnegie Center Drive, Princeton, NJ 08540.

5. On information and belief, Defendant Hetero Labs is a corporation organized and existing under the laws of India, having a principal place of business at 7-2-A2 Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad, Telangana 500018, India.

6. On information and belief, Defendant Hetero Unit III is a corporation organized and existing under the laws of India, having a place of business at 7-2-A2 Hetero Corporate Industrial Estates, Sanath Nagar, Hyderabad, Telangana 500018, India.

7. On information and belief, Hetero Unit-III is a division of Hetero Labs.

8. On information and belief, Defendant Camber is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 800 Centennial Avenue, Suite 1 Piscataway, NJ 08854.

9. On information and belief, Defendant Camber is a subsidiary of Hetero Labs that will be responsible for marketing Hetero's generic version of NUEDEXTA® in the United States, including in the District of Delaware.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. On information and belief, Hetero Labs derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

12. This Court has personal jurisdiction over Hetero Labs because, inter alia, it: (1) has purposefully availed itself of the privilege of doing business in the State of Delaware, including directly or indirectly through its subsidiary, agent, and/or alter ego, Camber, a company organized and existing under the laws of the State of Delaware; and (2) maintains extensive and systematic contacts with the State of Delaware, including through the marketing, distribution, and/or sale of generic pharmaceutical drugs in Delaware including through, directly or indirectly, Camber.

13. On information and belief, Hetero Unit-III derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

14. This Court has personal jurisdiction over Hetero Unit-III because, inter alia, it: (1) has purposefully availed itself of the privilege of doing business in the State of Delaware, including directly or indirectly through its subsidiary, agent, and/or alter ego, Camber, a company organized and existing under the laws of the State of Delaware; and (2) maintains extensive and systematic contacts with the State of Delaware, including through the marketing, distribution,

and/or sale of generic pharmaceutical drugs in Delaware including through, directly or indirectly, Camber.

15. On information and belief, Camber derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

16. This Court has personal jurisdiction over Camber because, inter alia, it: (1) on information and belief, is organized and existing under the laws of the State of Delaware; and (2) maintains extensive and systematic contacts with the State of Delaware, including through the marketing, distribution, and/or sale of generic pharmaceutical drugs in Delaware. By virtue of its incorporation in Delaware, this Court has personal jurisdiction over Camber. On information and belief, Camber purposefully has conducted and continues to conduct business in this Judicial District.

17. On information and belief, Hetero Labs, Hetero Unit-III, and Camber are in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District. On information and belief, Hetero Labs, Hetero Unit-III, and Camber also prepare and/or aid in the preparation and submission of ANDAs to the FDA, including ANDA No. 218426.

18. On information and belief, this Judicial District is a likely destination for the generic drug products described in ANDA No. 218426.

19. On information and belief, Hetero Labs, Hetero Unit-III, and Camber derive substantial revenue from directly or indirectly selling generic pharmaceutical products and/or

active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

20. This Court also has personal jurisdiction over Hetero Labs, Hetero Unit-III, and Camber because, inter alia, they have committed an act of patent infringement under 35 U.S.C. § 271(e)(2). On information and belief, Hetero Labs, Hetero Unit-III, and Camber intend a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will continue to lead to foreseeable harm and injury to Otsuka in Delaware and in this Judicial District.

21. In the alternative, this Court has personal jurisdiction over Hetero Labs because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Otsuka's claims arise under federal law; (b) Hetero Labs is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Hetero Labs has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Hetero Labs satisfies due process.

22. In the alternative, this Court has personal jurisdiction over Hetero Unit-III because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Otsuka's claims arise under federal law; (b) Hetero Unit-III is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Hetero Unit-III has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are

distributed throughout the United States, such that this Court's exercise of jurisdiction over Hetero Unit-III satisfies due process.

23. On information and belief, Hetero Labs, Hetero Unit-III, and Camber work in privity and/or concert either directly or indirectly through one or more of their wholly owned subsidiaries with respect to the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products throughout the United States, including in this Judicial District.

24. On information and belief, each of Hetero Labs, Hetero Unit-III, and Camber actively participated in the submission of ANDA No. 218426. On information and belief, Hetero Labs, Hetero Unit-III, and Camber will work in privity and/or concert with one another and/or other related entities towards the regulatory approval, manufacturing, use, importation, marketing, offer for sale, sale, and distribution of generic pharmaceutical products, including Defendants' ANDA Product, throughout the United States, including in Delaware and in this Judicial District, prior to the expiration of the patents-in-suit.

25. On information and belief, Hetero Labs intends to benefit directly by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of ANDA No. 218426.

26. On information and belief, Hetero Unit-III intends to benefit directly by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of ANDA No. 218426.

27. On information and belief, Camber intends to benefit directly by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of ANDA No. 218426.

28. On information and belief, Hetero Unit-III and Camber act at the direction, and for the benefit, of Hetero Labs and are controlled and/or dominated by Hetero Labs.

29. On information and belief, Hetero Labs, Hetero Unit-III, and Camber act, operate, and/or hold themselves out to the public as a single integrated business.

30. On information and belief, Hetero Labs, Hetero Unit-III, and Camber have previously been sued in this District and have not challenged personal jurisdiction. *See, e.g., Novartis Pharms. Corp. v. Hetero USA Inc. et al.*, 21-1760-RGA (D. Del.); *Novartis Pharms. Corp. v. Alkem Labs. Ltd. et al.*, 21-1330-RGA (D. Del.); *Novartis Pharms. Corp. v. Dr. Reddy's Labs., Inc. et al.*, 19-2053-RGA (D. Del.); *Biogen Int'l GmbH et al. v. Hetero USA Inc. et al.*, 17-825-LPS (D. Del.); *AstraZeneca AB et al. v. Camber Pharmaceuticals, Inc.*, 15-0927-SLR (D. Del.).

31. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

## PATENT-IN-SUIT

32. On February 9, 2010, the '282 Patent, titled "Pharmaceutical Compositions Comprising Dextromethorphan and Quinidine for the Treatment of Neurological Disorders," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). Otsuka is the assignee of the '282 Patent. A true copy of the '282 Patent is attached hereto as **Exhibit A**.

33. The '282 Patent was previously adjudicated in this District and found valid. *Avanir Pharms., Inc. v. Actavis S. Atl. LLC*, 36 F. Supp. 3d 475, 510 (D. Del. 2014). The decision was affirmed by the Federal Circuit. *Avanir Pharms. Inc. v. Par Pharm. Inc.*, 612 F. App'x 613 (Fed. Cir. 2015). Additionally, both defendants in that action stipulated to infringement of the '282 Patent. *Avanir*, 36 F. Supp. at 481.

34.  Otsuka also previously settled patent litigation over the '282 Patent (among others) with four other ANDA filers: Actavis, Wockhardt, Watson/Sandoz, and Ranbaxy. Based on the Court's decision and the settlement agreements, no generic versions of NUEDEXTA® are on the market and no ANDA products can be launched until July 30, 2026 at the earliest.

### NUEDEXTA®

35.  Otsuka holds approved NDA No. 21879 for capsules containing a combination of the active ingredients dextromethorphan hydrobromide (an uncompetitive NMDA receptor antagonist and sigma-1 agonist) and quinidine sulfate (a CYP450 2D6 inhibitor). Otsuka markets and sells the dextromethorphan hydrobromide and quinidine sulfate capsules under the trade name NUEDEXTA®.

36.  NUEDEXTA® is indicated for the treatment of pseudobulbar affect (PBA). A copy of the complete prescribing information for NUEDEXTA® is attached hereto as **Exhibit B.**

37.  Pursuant to 21 U.S.C. § 355(b)(1) and related FDA regulations, Otsuka listed the '282 Patent in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to NUEDEXTA®. The prescribing information for NUEDEXTA® instructs and encourages physicians, other healthcare workers and patients to administer NUEDEXTA® capsules according to one or more of the methods claimed in the patent-in-suit.

### ACTS GIVING RISE TO THIS ACTION

38.  Defendants filed ANDA No. 218426 seeking approval to market a generic version of Otsuka's NUEDEXTA® product. On information and belief, Defendants' ANDA contained a Paragraph IV certification regarding the '282 Patent.

39. On information and belief, Defendants sought approval from the FDA to engage in the commercial manufacture, use, sale, offer to sell, and/or importation in the United States of Defendants' ANDA Product before expiration of the '282 Patent. Upon information and belief, Defendants intend to, directly or indirectly, engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' ANDA Product before expiration of the '282 Patent.

40. By filing ANDA No. 218426, Defendants have necessarily represented to the FDA that Defendants' ANDA Product has the same active ingredients, the same dosage form, the same route of administration, and the same strength as NUEDEXTA®. By submitting ANDA No. 218426, Defendants also have necessarily represented to the FDA that Defendants' ANDA Product is bioequivalent to NUEDEXTA®.

41. On August 28, 2024, the FDA approved Defendants' ANDA. Upon information and belief, the FDA approved Defendants' ANDA to market and sell Defendants' ANDA Product for the same approved indications as NUEDEXTA®.

42. On May 22, 2025, counsel for Hetero informed Otsuka, for the first time, that it intends to launch Defendants' ANDA Product before the expiration of the '282 Patent.

## COUNT I
## INFRINGEMENT OF THE '282 PATENT

43. Otsuka repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

44. Defendants' submission of their ANDA to obtain approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of Defendants' ANDA Product, prior to the expiration of the '282 Patent, constitutes infringement of one or more claims of that patent under 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents, including at least claim 1.

45. Upon information and belief, Defendants' ANDA Product and/or its use in accordance with the product label satisfies each and every element of at least claim 1 of the '282 Patent.

46. There is a justiciable controversy between the parties hereto as to the infringement and/or validity of the '282 Patent.

47. Unless enjoined by this Court, Defendants will infringe one or more claims of the '282 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States.

48. Unless enjoined by this Court, Defendants will induce infringement of one or more claims of the '282 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States. Upon information and belief, Defendants will intentionally encourage acts of direct infringement with knowledge of the '282 Patent and knowledge that their acts are encouraging infringement, with specific intent to induce infringement of the '282 Patent.

49. Unless enjoined by this Court, Defendants will contributorily infringe one or more claims of the '282 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Defendants' ANDA Product in the United States. Upon information and belief, Defendants have had and continue to have knowledge that Defendants' ANDA Product is especially adapted for a use that infringes one or more claims of the '282 Patent and that there is no substantial non-infringing use for Defendants' ANDA Product.

50. Otsuka will be substantially and irreparably damaged and harmed if Defendants' infringement of the '282 Patent is not enjoined.

51. Otsuka does not have an adequate remedy at law.

52. Upon information and belief, Defendants had knowledge of the '282 Patent prior to filing their ANDA with the FDA.

53. This case is an exceptional one, and Otsuka is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Otsuka respectfully requests the following relief:

A. An entry of Judgment that Defendants have infringed the '282 Patent through the submission of ANDA No. 218426 to the FDA;

B. An entry of Judgment that, Defendants have infringed, and that Defendants' making, using, selling, offering to sell, or importing Defendants' ANDA Product will infringe one or more claims of the '282 Patent;

C. An Order, pursuant to 35 U.S.C. § 271(e)(4)(A), revoking final FDA approval of ANDA No. 218426 and resetting the effective date of FDA approval of ANDA No. 218426 to a date no earlier than the later of the expiration of the '282 Patent, or any later expiration of exclusivity to which Otsuka is or becomes entitled;

D. An entry of a preliminary and permanent injunction enjoining Defendants and others acting in concert with Defendants from commercially manufacturing, using, selling, offering for sale, and/or importing Defendants' ANDA Product within the United States, until after the expiration date of the '282 Patent and any additional periods of exclusivity to which Otsuka is or becomes entitled;

E. A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Defendants, their officers, agents, attorneys, and employees, and those acting in privity and/or concert with them, from practicing any compositions or methods claimed in the '282 Patent,

or from actively inducing or contributing to the infringement of any claim of the '282 Patent, until after the expiration of the '282 Patent, or any later expiration of exclusivity to which Otsuka is or becomes entitled;

      F.      A Declaration that the commercial manufacture, use, sale, or offer for sale, and/or importation into the United States of Defendants' ANDA Product has and will continue to directly infringe, induce, and/or contribute to infringement of the '282 Patent;

      G.      To the extent that Defendants have committed any acts with respect to the methods claimed in the '282 Patent, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), that Otsuka be awarded damages, including any lost profits, for such acts;

      H.      If Defendants engage in the commercial manufacture, use, sale, or offer for sale, or importation into the United States of Defendants' ANDA Product prior to the expiration of the '282 Patent, a Judgment awarding damages to Otsuka resulting from such infringement, including any lost profits, together with interest;

      I.      An award to Otsuka of attorneys' fees in this action as an exceptional case pursuant to 35 U.S.C. § 285;

      J.      An award to Otsuka of costs and expenses in this action; and

      K.      An award to Otsuka of any further and additional relief that this Court deems just and proper.

<table>
<tr><td>

OF COUNSEL:

F. Dominic Cerrito
Eric C. Stops
James Baker
John P. Galanek
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
295 5th Avenue
New York, NY 10016
(212) 849-7000

May 27, 2025

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff*
*Otsuka Pharmaceutical, Inc.*

</td></tr>
</table>

13