**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OTSUKA AMERICA PHARMACEUTICAL, INC. and AVANIR PHARMACEUTICALS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>HETERO LABS LIMITED, HETERO LABS LTD. UNIT-III, and CAMBER PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. 25-647-GBW |

**MEMORANDUM ORDER REQUIRING POSTING OF REQUIRED BOND AMOUNT**

WHEREAS, on July 23, 2025, this Court entered a Memorandum Opinion (D.I. 100) and Order (D.I. 101) granting Plaintiffs Otsuka America Pharmaceutical, Inc. and Avanir Pharmaceuticals, LLC's (collectively, "Otsuka" or "Plaintiffs") Amended Motion for a Preliminary Injunction and waiving the bond requirement (D.I. 41, in part);

WHEREAS, on August 8, 2025, Defendants Hetero Labs Limited, Hetero Labs Ltd. Unit-III, and Camber Pharmaceuticals, Inc. (collectively, "Hetero" or "Defendants") appealed this Court's grant of Plaintiffs' Amended Motion for a Preliminary Injunction and waiver of the bond requirement (*see* D.I. 128);

WHEREAS, on July 1, 2026, the United States Court of Appeals for the Federal Circuit issued an opinion that (1) affirmed this Court's grant of Plaintiffs' Amended Motion for a Preliminary Injunction; and (2) vacated and remanded back to this Court for consideration the decision to waive the Federal Rule of Civil Procedure 65(c) bond requirement;

WHEREAS, on July 8, 2026, the Court issued a Memorandum Order Setting Required Bond Amount (D.I. 157), which set the bond amount at $5,000,000 (Five Million Dollars) after

consideration of "the parties' respective arguments on the amount of bond required" in light of the Federal Circuit's remand. During the preliminary injunction hearing, Plaintiffs argued to the Court and requested that, to the extent a bond was necessary, a $5,000,000 bond was appropriate. *See* July 17, 2025 Hearing Transcript at 63:24-65:7, attached as Exhibit B to D.I. 158. Defendants argued and requested that the Court set the bond amount at $80,000,000. *See id.* at 64:1-2; D.I. 160 at 3-4.

WHEREAS, on July 10, 2026, Plaintiffs filed their Motion for Reconsideration of Memorandum Order Setting Required Bond Amount (D.I. 158) and, on July 13, 2028, Defendants filed their Opposition to Plaintiffs' Motion for Reconsideration of Memorandum Order Setting Required Bond Amount and Cross-Motion for Reconsideration to Increase Bond Amount (D.I. 160);

WHEREAS, on July 14, 2026, Plaintiffs filed an additional letter with the Court disputing whether the Court had the authority to issue the Court's Order Setting the Required Bond Amount (D.I. 158) until after the issuance of the mandate by the Federal Circuit (*see* D.I. 163) and Defendants filed a response letter later on July 14, 2026 contesting Plaintiffs' attempt to delay the post of the required bond amount until after the issuance of the mandate by the Federal Circuit (*see* D.I. 164);

WHEREAS, on July 15, 2026, the Court issued an Oral Order (D.I. 165) instructing that (1) "Plaintiffs will not be required to post bond until further Order of the Court," (2) the Court had "thoroughly considered the parties' requests for upward or downward modification of the [$5,000,000 required] bond amount," (3) the Court "will issue an appropriate Order" after issuance of the Federal Circuit's mandate, and (4) Plaintiffs should be prepared to post bond within seven (7) days following the issuance of the Court's Order;

WHEREAS, on August 7, 2026, the Federal Circuit issued its mandate (*see* D.I. 167);

WHEREAS, the Court has considered the parties' arguments from their latest letters (D.I. 168, 169; 170; 171 and 172) regarding whether Plaintiffs should be required to post a bond and the amount of that bond; and

WHEREAS, given the Court previously set the required bond amount at $5,000,000 (*see* D.I. 157) and subsequently instructed "Plaintiffs should make arrangements and be prepared to post the required bond amount within seven (7) days of the Court's Order (*see* D.I. 165), the Court finds the circumstances of this case are distinguishable from *Sprint Communications Co. L.P. v. CAT Communications Intern., Inc.*, 335 F.3d 235, 239-241 (3d Cir. 2003).

WHEREFORE, this 26th day of August 2026, IT IS HEREBY ORDERED that:

1. Consistent with the Court's prior instructions, by no later than seven (7) days following the issuance of this Order, Plaintiffs shall collectively post bond secured in the amount of $5,000,000 (Five Million Dollars) and shall provide the Court and Defendants with evidence that the bond has been posted. The bond shall remain in effect until further Order of the Court.

2. The stay in this action is lifted.

3. By no later than September 15, 2026, the parties shall meet and confer to discuss and attempt to resolve the remaining issues raised in the parties' recent letters (e.g. possible amendment of pleadings in this action, consolidation of this case with Civil Action No. 26-1013-GBW, possible dismissal of this action for lack of case or controversy, what issues, if any, remain for trial, etc.) and any other issues remaining in this action. By no later than September 22, 2026, the parties shall file with the Court a joint status report identifying any issues remaining in dispute in

this action, the parties respective positions on those issues, and what issues the parties have resolved, if any, during their meet and confer(s) ordered herein.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE